19-CV-62132-MOORE/HUNT

IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF FLORIDA

FILED BY _____ D.C.

AUG 2 3 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

MAURICE SYMONETTE

    Plaintiff(s)

Vs

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS IDENTURE TRUSTEE FOR
IMPAC REAL ESTATE ASSET TRUST SERIES
2006-SDI, THE CITY OF PLANTATION ZONING
AND CODE DEPT. THE CITY OF PLANTATION
POLICE DEPT. LAW FIRM OF SHAPIRO FISHMAN
AND GACH'E LLP, SMITH HYATT AND DIAZ LAW
FIRM, MORTGAGE ELECTRONIC REGISTRATION
SYSTEM (MERS), JPMORGAN CHASE BANK NA,
IMPAC FUNDING,
    8). Declaritory & Injunctive

1). wrongful foreclosure
2) Unjust Enrichment.
3). Fraud and Concealment
4) Intentional Inflictional Of
   Emotional Distress
5). Violation Of Bankruptcy
   And bankruptcy Biasness
6). Grand Theft of Property
7). Illegal Eviction

    Relief

COMPLAINT

**INDEX**

**INTRODUCTION**
**PARTIES AND JURISDITION**
**JURY TRIAL DEMAND**
**CLAIM OF RELIEF BACKGROUND**
**FACTS**
**FIRST CAUSE OF ACTION-WRONGFUL FORECLOSURE, VACATE JUDGMENT
FOR FAILURE TO ATTACH A COPY OF THE PROMISSORY NOTE AND
IMPROPER REESTABISHMENT OF LOST NOTE.**
**SECOND CAUSE OF ACTION-UNJUST ENRICHMENT**
**THIRD CAUSE OF ACTION-FRAUD AND CONCEALMENT**
**FOURTHCAUSE OF ACTION-INTENTIONAL INFLICTION OF EMOTIONAL
DISTRESS**
**FIFTH CAUSE OF ACTION-VIOLATION OF BANKRUTCY**

1

**SIXTH CAUSE OF ACTION-GRAND THIEF OF PROPERTY**

**SEVENTH CAUSE OF ACTION-ILLEGAL EVICTION**

**EIGHTH CAUSE OF ACTION-DECLAROTORY & INJUNCTIVE RELIEF**

**PRAYER**

**PLAINTIFFS EXHIBITS**

COMPLAINT: PLAINTIFF DEMAND FOR A JURY TRIAL

VERIFIED MOTION TO VACATE JUDGMENT AND TO CANCEL SALE OF THE PROPERTY AND PLEA OF NUL TIEL RECORD

Plaintiffs, states under GOD that the JUDGE must be just (2 Samuel 23: 3) and asserts their rights under the Seventh Amendment to the United States Constitution and demands a trial by jury on all issues of fact, in accordance with federal Rule of Civil Procedure 38 and declaratory judgment under 28 U.S.C. §2201. This is a request for jury trial under Rules 38 and 39. The Plaintiffs moves the court to enter a Temporary Restraining Order and stay against the Defendants and Injunctive relief for violation of a court order. This action includes violations of the Plaintiffs civil rights and discriminatory acts by the Defendants one and all. This is also violation of the 1964 civil Rights Act, an act to enforce the constitutional right to vote, to confer jurisdiction in Public accommodations to authorize the attorney general to institute suits to protect Constitutional rights in public facilities and public education to extend the commission on civil rights, to prevent discrimination in federally assisted programs to establish a commission on Equal Employment Opportunity, and for other purposes.

VERIFIED PETITION

INTRODUCTION; JURISDICTION AND VENUE

This is an action for Declaratory and other relief.
This court has jurisdiction under the Federal Declaratory Judgments Laws, and for deprivation of rights under the United States Constitution and the Florida Constitution. Defendants maintain their main offices in the state and do business within this state. Plaintiff is a resident of Broward County, Florida and has resided in Broward County for a period in excess of 6 years.
Wherein plaintiffs moves the court for Injunctive relief and Declaratory Judgment because of evidence of Fraud on the part of the defendants in a Court foreclosure action. CACE-13-014193 And CACE06-12451-08.
The defendants have transfered title and evicted plaintiffs from their home . The Plaintiffs moves the court for a Temporary Restraining (stay) Order in that the sale and eviction of Plaintiffs from property will cause irreparable injury and damage to Plaintiff. The complaint alleges violations of law by Fraudulent practices of Defendants, denying Plaintiffs a fair trial, based upon Fraudulent filing and testimony before the court in the original Foreclosure and illegal Constructive Eviction conspiracy between the Defendants action.

2

All of the claims derive from a common nucleus of operative fact. All of the events alleged herein transpired in Broward County, Florida.

## PARTIES

Plaintiff Erron Reid is Sui Juris and prior owner of title for property 12050 nw 4thct.Plant. Fl.33325

Plaintiff Kurt Marin is a single man and is Sui Juris and the prior owners of title for the property at 12050 NW 4th ct. Plantation Fl. 33325.

Plaintiff Maurice Symonette is a single man and is Sui Juris and prior owner of property located at 12050 NW 4th ct. Plantation Fl. 33325

Defendants are doing business in as Lender under the name of IMPAC FUNDING CORPORATION Dba IMPAC LENDING GROUP, Lender is a California Corporation .

These Defendants are doing business in the State of Florida and are served at their Attorney's offices: Smith Hiatt & Diaz P.O. Box 11438 Ft. Laud. Fl. 33339-1438  Ph: 954-564-0071.

And also Shapiro Fishman and Gach'e LLP Attorneys for Defendants are served at their office at 2424 North Federal HWY, Suite 360 Boca Raton Fl. 33431 Ph: 561-998-6700

Mortgage Electronics Registration Systems Inc. (MERS), is an American privatly held Corporation that records mortgages and is owned by a holding company called MERSCORP HOLDINGS Inc

And their office address is 1818 library Street Suite 300 Reston Va. 20190. Deutsche Bank National Trust Company as Identure Trustee for Impac Real Estate Asset Trust Series 2006 SDI

## FACTS

The defendants are attempting to perfect their foreclosure, transfered Title and Evicted plaintiffs from their property at 12050 NW 4th ct. Plantation Fl. 33325. Deutsche Bank National Trust Company as Identure Trustee for Impac Real Estate Asset Trust Series 2006 SDI knowingly filed a fraudulent foreclosure complaint 06/06/13 case  #CACE-13-014193 **see exh.A** the said property was illegally Foreclosed on if we look further, In Affidavit written by Vice President of JPMorgan Chase Bank **see exhibit#B1 & B2,** claimed to have lost the Note Or maybe some how it was destroyed only three

days after it was alleged to have Been recorded in the  County Court the Affidavit was signed by JPMorgan Vice President Tina Richard on 04/02/2013, but in court files on the first foreclosure case for Impac Lending Group which was originally 06-12451CACE **see Exb. B3** before it was changed and JPMorgan opened up the new case which is now 13- 014193CACE, See **Exb. B4** but at the time October 19, 2007 a document was entered into the File by Attorneys from Smith Hiatt & Diaz, P.A. in the first case as seen on **exhibit** C  Attorneys said on the document that they represented Impact Funding Corporation and they were cancelling  the sale date for 10/24/2007 on the house because the loan has been sold to another client, so it is seen here the property Has already been sold to avoid having to show ownership of  Note, therefore by the showing of  the evidence in the files that Deutsche Bank tried to hide by opening up a new case which is now 13-014193 CACE, and creating a faulty assignment that could not have happened on 3/25/13 **see exb. b5** Because the Note was already sold, this is proof that MERS

3

never had any standing In this case, the new case that was started was invalid from the start and according to the 3.1 standing rule standing can be brought up at anytime even on

Appeal, the Supreme Court Has made it clear That burden of establishing standing rest on the Plaintiff, the Plaintiff must carry the burden, standing must exist on the date that The complaint is filed in which standing could not have existed even on the date That the new complaint was filed because the Note was already sold in 2007. This is in violation of Fl. Stat. 817.535(e) 5(2)(a) unlawful filing of false Documents or records against Real or personal property. MERS committed fraud Claiming that they transferred a Note in this case to Deutsche Bank National Trust Company knowing all the time that the Note had already been sold October 19, 2007 as shown **exhibit C.** so their claim that they (Vice president of JPMorgan ) lost the Note on 4/2/13 is false because since the property had already been sold Their was no Note left to be transferred to Deustsche Bank therefore Deutsche Bank and MERS are without Standing in this case and JPMorgan Chase Bank also is in a conspiracy of stealing the property for they know the property was sold but they are still on the assignment saying that all payments are supposed to come to them they want money for property that they know does not belong to them, all of them in an elaborate scheme to steal defendants property, this assignment is fraudulent at best, and should be remanded this is an elaborate scheme created by MERS, JPMorgan Chase Bank and Deutsche Bank to aquire property

in an illegal Manner. **HOUSE BILL 87** Florida's Governor Rick Scott, Sighed a new foreclosure bill into Law on 6/07/2013 called " House Bill 87" Requires lender to produce the note with Its complaint, and limits deficiency Judgments. Starting July 1, 2013 (the plaintiff the owner of the loan) must prove its right to foreclose by filing additional items along with the foreclosure Complaint or it is Void including:

1. A certification that the plaintiff is in possession of the original promissory Note.
2. if the Note has been lost, a lost note affidavit with a clear chain of
   endorsments, transfers or assignments of the promissory Note.

### FIRST CAUSE OF ACTION: WRONGFUL FORECLOSURE VACATE JUDGMENT FOR FAILURE TO ATTACH A COPY OF THE PROMISSORRY NOTE AND IMPROPER RE-ESTABLISHMENT OF LOST NOTE.   Fla. Stat. 702.015(4)

Fla. Stat.702.015 (4) says you must show a copy of the Note filed with the

4

Standing Rule, standing can be brought up at any time, Deutsche Bank never possessed any legal right to bring up A lawsuit nor has Deutsche Bank has ever brought forth the original Note to said property with their name. <u>Plaintiffs have failed to Attache a copy of the Note to the complaint in which the complaint itself was illegal. See Cruz v. JPMorgan Chase Bank N.A. And never brought Original Note with MERS or Deutsche Bank's Name on it.</u>

The Defendant seeked the re-establishment of a lost note, but failed to attach a copy of the original note to the complaint in violation of Rule 1.130. D e f e n d a n t states in the Complaint that it does not possess the note. Pursuant to Florida Statute 673.3091: a person not in possession of an instrument is entitled to enforce the instrument if the person seeking to enforce the instrument was entitled to enforce the instrument when loss of possession occurred, or has directly or indirectly aquired ownership of the instrument from a person who was entitled to enforce the instument when loss of possession occurred; and the loss of possession was not the result of a transfer by the person or a lawful seizure;The Note in this case was not lost as a result of transfers of the Note by defendants predecessors in interest to Florida rules of civil proceedure: copies of the Note and mortgage must be attached. To the mortgage foreclosure complaint (emphasis added). There is no proof that defendant ever held or took possession of the Note and thus cannot prosecute this foreclosure.

## <u>SECOND CAUSE OF ACTION: UNJUST ENRICHMENT</u>

## <u>FLORIDA STATUE 697.10</u>

Deutsche bank has no interest in Plaintiff's Mortgage, so the pending foreclosure on Plaintiff's property would constitute unjust enrichment.The mortgage states that all secured sums must be paid. Plaintiff alleges that the obligations under the

mortgage were fulfilled when Deutsche Bank received funds in excess of the balance on the NOTE as a result of proceeds of sale through securitlzation to private investors many times and insurance proceeds from credit default swaps.

## THIRD CAUSE OF ACTION – FRAUD AND CONCEALMENT
## FL. STAT. 726.105 (B)

Fed. Rule 3.1 Standing can be brought up any time even on Appeal. the Deutsche Bank filed Complaint in the new case CACE13014193 before they owned the Note. Defendant foreclosed on the property before they owned it by way of making a Fraudulent Assignment and taking Defendants property without having Note Ownership, see (Mclean v. JPMorgan) you cannot foreclose before you own property. This foreclosure should never have been allowed because the Bank didn't have the Note as was seen in the former case CACE06012451 **see Exb. c** the Loan along with the Note had already been sold according to Smith Hiatt & Diaz, P.A. who said they had already sold the Note using Impac Funding Corporation, This is prohibited according to Fla. Stat. 817.535 For unlawful filing of false documents or records against Real or personal property, and also 817.535(e) 5(2)(A) a person who files or directs a filer to file with the intent to defraud or harass another, or any Instrument containing a materially false ficticious or fraudulent statement or representation that Perports to affect a owners interest in the property described in the instrument commits a Felony. Deutsche Bank N.A. Trust Comp. carried over a

loan process the that they knew had already ended and had been paid off in the old case and acted as if the other case was going still going on in their new case CACE-13-014193, and also in the old case cace06-12451-08 that case was dismissed with prejudice **see exb.C1**, Standing must exist the day the complaint is filed Deutsche Bank never had possession or standing and because there was no Note to validate the new assignment The new assignment was perpertrated on fraud, plaintiffs must be compensated for Defendants fraud.

## FOURTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### FLORIDA STATUE 760.51

Plaintiff's contends that the acts and omissions of the defendants, and each of them constitute extreme and outrageous conduct. Plaintiff's further contends that defendant's and each of them, engaged in such conduct either intentionlly or with reckless disregard as to the effect on Plaintiff. WHEREFORE, Plaintiff's pray that this court grant compensatory and punitive damages against Defendant's for their contribution to the conspiracy to illegally evict Plaintiffs and the City of plantation lied to the police telling them we were evicted already to make us look like house squatters and had Plaintiffs illegally house searched and evicted without a Judge's order. As a result of said extreme and outrageous conduct by defendants and each of them, Plaintiffs has suffered severe emotional distress of $5,000,000.00.

7

## FIFTH CAUSE OF ACTION – VIOLATION OF BANKRUPTCY AND BIASNESS

## 11 U.S.C. §362:US CODE SEC 362 (A)(3) AUTOMATIC STAY

On Oct. 3, 2016 a Bankruptcy was filed by Erron Reid and James Buckman T See **exb. D** And entered into the file Broward County file 10/04/2016 and entered in as a Chapter 7, it should have stopped the sale as Erron Reid is a party to the case And a Bankruptcy stops any and all actions against the debtor to obtain Property but Erron Reid's bankruptcy was not allowed to stop the sale of his property though it was entered into the broward county court house, Erron Reid's rights were violated'.

## SIXTH CAUSE OF ACTION GRAND THEFT OF PROPERTY

## FLORIDA STATUE 812.019

Kurt Marin was illegally evicted out of his house on this said property Without a writ of possession Kurt Marin is a doctor and owner of the property When he was illegally evicted by the City of plantation Police all of his property was Stolen from the house and garage which amounted to over $800,00.00 dollars Worth of stolen goods since then it has caused him a lot of hardship he asks to be paid back treble in damages.

8

### SEVENTH CAUSE OF ACTION: ILLEGAL EVICTION

Plaintiff's contends that the acts and omissions of the defendants, and each of them constitute extreme and outrageous conduct. Plaintiff's further contends that defendant's and each of them, engaged in such conduct either intentionlly or with reckless disregard as to the effect on Plaintiff. WHEREFORE, Plaintiff's pray that this court grant compensatory and punitive damages against Defendant's for their contribution to the conspiracy to illegally evict Plaintiffs and the City of plantation lied to the police telling them we were evicted already to make us look like house squatters and had Plaintiffs illegally house searched and evicted without a Judge's order. As a result of said extreme and outrageous conduct by defendants and each of them, Plaintiffs has suffered severe emotional distress of $5,000,000.00.

### EIGHTH CAUSE OF ACTION-DECLAROTORY & INJUNTIVE RELIEF

WHEREFORE, Plaintiff requests judgment as follows:

1. That this court issue an Order to show Cause and after a hearing, issue a Temporary Restraining Order Preliminary Injunction restraining Defendant's, and each of them, during the pendency of this action, from continuing with their efforts to conduct a Foreclosure Sale of the Property.

2. That the attempted foreclosure if the Property be declared illegal and that defendant's be forever enjoined and restrained from selling the Property or attempting to sell it or causing it to

9

be sold, either under power of sale pursuant to trust deed or by foreclosure action and from posting, publishing or recording any notice of default of foreclosure sale contrary to state or federal law.

3. That the underlying loan transaction be declared void as a result of Defendant Deutsche Bank misrepresentations, fraud, concealment and predatory loan practices.

4. That Defendant's make restitution to Plaintiff according to proof.

5. For a judgment determining that Plaintiff is the owner in fee simple of the Property against the

6. adverse claims of Defendants and that they have no interest in the property adverse to Plaintiff's.

7. For damages in an amount of $5,000,000.00.
8. For cost of suit and reasonable attorney fees.

9. For any and all other and further relief that may be just in this matter.

__C__

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 8 /23 / 2019 a true and correct copy of the foregoing has been furnished by U.S. Mail to:Shapiro Fishman & Gach'e LLP Attorney's for defendants 2424 North Federal HWY Suite 360 Boca Raton Fl. 33431 Ph: 561-998-6700

Respectfully Submitted,

10

*[signature]*

IN PROPRIA PERSONA
Maurice Symonette
15020 S. River Dr.
Miami, Fl. 33167